UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN M. OWENS,

    Plaintiff,

v.                                           Case No: 8:22-cv-1099-KKM-JSS

CYPRESS PARK GARDEN HOMES I,
VILLAGE INVESTMENT, and MIKE FORTE,

    Defendants.
_____

## ORDER

Kevin M. Owens filed a Notice of Removal pro se, together with his state-court Amended Complaint and a Motion for Summary Judgment. (Doc. 1; Doc. 1-2.) Owens attaches a "Final Judgment" to his Notice of Removal, indicating that the state case has concluded. (Doc. 1-3.) In that Final Judgment, the Florida court concluded that Owens "failed to satisfy the burden of proof" and was not "entitled to award of damages" against Cypress Park Garden Homes I, Village Investment Property, Inc., or Forte. (Doc. 1-3 at 2–3.)

The Court construes pro se filings liberally. *See O'Connor v. Warden, Fla. State Prison*, 754 F. App'x 940, 941 (11th Cir. 2019) (per curiam). As such, the Court construes Owens's filing as the filing of a new Complaint, not removal. If the Court construed it as

a removal, Owens's filing would be subject to remand because removal is ordinarily unavailable to plaintiffs. *See* 28 U.S.C. § 1446; *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941). Moreover, the Court construes Owens's filing as a new Complaint because the underlying state action, according to the documents that Owen himself filed, has ended with a final judgment on the merits. A case may not be removed unless it is "pending" in state court. § 1446(a).

Nonetheless, the Complaint seeks review of the decision of a Florida court decision, review that this Court has no authority to provide. In the "Notice of Removal," Owens explains that "[t]his filing will . . . offer relief from the derelict lower courts." (Doc. 1 at 4.) That relief is the "collection of all damages owed to the Plaintiff," the damages that the Florida court held he was not entitled to receive. (*Id.*; Doc. 1-3 at 3.) In the alternative to granting this relief, Owens offers that this Court "may vacate or remove all orders on the original case filed by [Owens]" in Florida court. (Doc. 1 at 4.) Owens later explains that the Court could "vacate the unconstitutional order in the original case." (*Id.* at 20.)

But this Court does not sit in review to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This rule is known as the *Rooker-Feldman* doctrine. *See id.* The rule "follows naturally

from the jurisdictional boundaries" of federal district courts. *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021) (citation omitted). "First, federal district courts are courts of original jurisdiction—they generally cannot hear appeals. And second, only the Supreme Court can 'reverse or modify' state court judgments;'" this Court "can[not] touch them." *Id.* (quotation omitted).

Because Owens explicitly asks this Court to "review and reject[]" the judgment of the Florida court in his previous litigation, *Exxon Mobile Corp.*, 544 U.S. at 284, the Court lacks jurisdiction to decide his case. *See Behr*, 8 F.4th at 1210 (describing *Rooker-Feldman* as a jurisdictional rule). Where a district court lacks jurisdiction because the complaint is clearly barred by *Rooker-Feldman*, a court should sua sponte dismiss the complaint. *See Dudley v. JP Morgan Chase Bank, N.A.*, 581 F. App'x 834, 835 (11th Cir. 2014) (per curiam) (concluding the district court did not err in sua sponte dismissing the complaint because it was barred by *Rooker-Feldman*); *accord Linares v. Armor Corr. Health Servs., Inc.*, 591 F. App'x 924 (11th Cir. 2015) (per curiam); *cf. Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015) (noting that a district court does not err in dismissing sua sponte without giving the plaintiff an opportunity to respond when "the complaint is patently frivolous").

3

Accordingly, the Court **DISMISSES** his case. Because the Court dismisses for lack of jurisdiction, the dismissal is **WITHOUT PREJUDICE**. The Clerk is directed to terminate any other pending motions and deadlines and to close this case.

**ORDERED** in Tampa, Florida, on May 16, 2022.

Kathryn Kimball Mizelle
United States District Judge