UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN M. OWENS,

    Plaintiff,

v.                                                 Case No: 8:22-cv-1099-KKM-JSS

CYPRESS PARK GARDEN HOMES I,
VILLAGE INVESTMENT, and MIKE FORTE,

    Defendants.
_____

## ORDER

Kevin M. Owens filed a Notice of Removal pro se, together with his state-court Amended Complaint and a Motion for Summary Judgment. (Doc. 1; Doc. 1-2.) Owens attached a "Final Judgment" to his Notice of Removal, indicating that the state case had concluded. (Doc. 1-3.) In that Final Judgment, the Florida court concluded that Owens "failed to satisfy the burden of proof" and was not "entitled to award of damages" against Cypress Park Garden Homes I, Village Investment Property, Inc., or Mike Forte. (Doc. 1-3 at 2–3.) The Court construed Owens' Notice of Removal as the filing of a new complaint in a new action, rather than removal of an existing action, and dismissed the case without prejudice because the Complaint sought review and vacatur of a Florida court judgment. (Doc. 2.) Owen then moved to reconsider the dismissal but continued to insist

that the Court "should kindly remove the unconstitutional order" from the Florida court. (*Id.* at 4.) Because "[d]ecisions of Florida courts are not reviewable on appeal in federal court," his motion was denied. (Doc. 3.)

Owens now moves again for this Court to reconsider its decision. (Doc. 5.)[1] He contends that he never "asked the[] court[] to overturn" a ruling in his state court case. (*Id.*) Instead, he asked the Court to either "Remove/Vacate/Nullify" the state court judgment or grant judgment in his favor, "allow[ing] the collection of damages owed to [him] by the [defendants]." (*Id.*) But the Court lacks jurisdiction to grant either form of relief. As to the first, the Court lacks jurisdiction to remove, vacate, or nullify a state court judgment. *See Behr v. Campbell*, 8 F.4th 1206, 1210 n.1 (11th Cir. 2021) (citation omitted).

As to the second, awarding damages to Owens for the very harm that the Florida court determined he was not entitled to receive on the very theory that the Florida court rejected "requires review and rejection of a state court judgment," a power this Court lacks. *Id.* at 1213. In Florida court, Owens sued Defendants for "Breach of Contract and Statutory Obligations," premised on the duties imposed by Chapter 718 of the Florida Statutes. (Doc. 1-2 at 2–3.) The court granted Defendants' motions for involuntary dismissal on this count. (Doc. 1-3 at 2.) Now, Owens asks this Court to grant summary judgment because Defendants violated a statutory duty imposed by Chapter 718 of the

---

[1] He also moved for "clarification," but did not ask the Court for clarification on any matter. Instead, he apparently sought to clarify matters himself.

2

Florida Statutes, one of the precise claims the Florida court rejected. (Doc. 1 at 13.) To do so would require the Court "review and reject[ the] state court judgment." *Behr*, 8 F.4th at 1213. The Court lacks the jurisdiction to grant such relief. *See id.* at 1210.

Owens's motion to reconsider is **DENIED**. (Doc. 5.)

**ORDERED** in Tampa, Florida, on June 13, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge